**THIERMAN BUCK LLP**
MARK R. THIERMAN, SB# 72913
JOSHUA D. BUCK, SB# 258325
LEAH L. JONES, SB# 276448
JOSHUA R. HENDRICKSON, SB# 282180
7287 Lakeside Drive
Reno, NV 89511
Tel: 775.284.1500
Fax: 775.703.5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com
joshh@thiermanbuck.com

ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOMERY DARLING and ANA JARA, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>DIGNITY HEALTH; DIGNITY COMMUNITY CARE; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br>2) Failure to Pay Minimum Wages in Violation of the California Labor Code;<br>3) Failure to Pay Overtime Wages in Violation of the California Labor Code;<br>4) Meal and Rest Period Violations under the California Labor Code;<br>5) Failure to Provide Accurate Wage Statements in Violation of the California Labor Code;<br>6) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code;<br>7) Unfair Business Practices;<br>8) Failure to Pay Wages for All Hours Worked Under Nevada Law;<br>9) Failure to Pay Overtime Wages for All Hours Worked Under Nevada Law;<br>10) Failure to Pay Wages For Interrupted Meal Breaks Under Nevada Law; and<br>11) Failure to Timely Pay All Wages Due and Owing Under Nevada Law.<br><br>**JURY TRIAL DEMANDED** |

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Plaintiffs TOMERY DARLING and ANA JARA (collectively, "Plaintiffs"), on behalf of themselves and all other similarly situated and typical persons, allege the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiffs named herein and their counsel.  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Plaintiffs have filed with this court consents to join this action.

2.     This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e. the failure to properly pay all wages due—and there is no conflict between the procedures applicable to the FLSA and State law claims. Integrity Staffing Solutions, Inc., 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

3.     Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business at 185 Berry Street, Suite 300, San Francisco, California, 94107.

## PARTIES

4.     Plaintiff TOMERY DARLING is natural person who has been employed by Defendants as a non-exempt hourly paid employee in Sacramento, California, during the relevant time period.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

5.      Plaintiff ANA JARA is natural person who has been employed by Defendants as a non-exempt hourly paid employee in Las Vegas, Nevada, during the relevant time period.

6.      Defendant DIGNITY HEALTH ("Dignity Health") is a domestic non-profit corporation with a principal place of business at 185 Berry Street, Suite 300, San Francisco, California, 94107.  Defendant DIGNITY COMMUNITY CARE ("Dignity Community Care") is a foreign non-profit corporation with a principal place of business at 185 Berry Street, Suite 300, San Francisco, California, 94107.   Collectively, DIGNITY HEALTH and DIGNITY COMMUITY CARE are referred to as Defendants.

7.      The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiffs.  Plaintiffs are informed and believe that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

8.      Dignity Health is a health care organization that employs over 60,000 individuals nationwide. According to its website, "Dignity Health is made up of more than 60,000 caregivers and staff who deliver excellent care to diverse communities in 21 states. Headquartered in San Francisco, Dignity Health is the fifth largest health system in the nation and the largest hospital provider in California." *See* https://www.dignityhealth.org/about-us (last visited Apr. 6, 2020).

9.      Plaintiffs are two of Dignity Health's 60,000 employees.

10.      Plaintiff Darling was employed by Dignity Health as an hourly paid non-exempt Nursing employee from on or about May 2012 to on or about December 2016.  Plaintiff Darling earned approximately $61 per hour at the time of her separation of employment with Dignity Health.

11.      Plaintiff Jara was employed by Defendants an hourly paid non-exempt employee with a job title of Medical Assistant in Las Vegas, Nevada, from on or about November 2015 to on or about December 3, 2019.  Plaintiff earned approximately $17.59 per hour at the time of her separation of employment with Defendants.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Defendants Systematically Fail To Compensate Patient Care Employees For All The Hours That They Work

12.     Defendants have systematically failed to compensate Plaintiffs and all other similarly situated employees for all their work performed, both overtime and non-overtime hours. Defendants' facilities are systematically understaffed so that Plaintiffs and all other similarly situated employees are left to input patient information "off-the-clock" into the electronic medical record (EMR) keeping software used by Defendants, either before the start of their shift, during their meal breaks, or after their shift.

13.     Plaintiffs and all other similarly situated employees would record and document any and all patient care notes into the EMR.  The EMR used by Defendants automatically records the times in which Plaintiffs and all other similarly situated employees enter data into the system, thereby leaving a "time stamp" to indicate when employees were using the system.

14.     Defendants required Plaintiffs and all others similarly situated to make entries into the EMR while at the employer's place of employment.  It is an integral, indispensable and legally necessary to the performance of Plaintiffs' job of providing patient care that they make these entries of patient care notes into the EMR, which was also an essential part of the medical billing process as well.

15.     Defendants and Defendants' agents were aware that Plaintiffs and all other similarly situated employees were working without compensation because employees were physically present at Defendants' facility and the EMR recorded the time when Plaintiffs and similarly situated employees made entries.  Defendants' agents would routinely observe Plaintiffs and all others similarly situated making these patient chart EMR entries "off-the-clock" such as during lunch breaks and before and after each shift.  Upon information and belief, Defendants were repeatedly informed, and it was generally common knowledge, the patient care employees would routinely enter patient care data (also known as "charting") during times that the hourly paid patient care employees were not being compensated for.

16.     Defendants also required all hourly paid employees to clock in and out using an electronic timekeeping system for pay purposes. When comparing the difference between the

1   time entries from the EMR to the time entries in the electronic timekeeping system, Plaintiffs

2   and all other similarly situated employees worked a significant amount of time "off-the-clock".

3       17.     Despite knowing that Plaintiffs and other similarly situated individuals were

4   performing work off-the-clock and without compensation, Defendants failed to prevent the

5   performance of such work. Defendants suffered and permitted Plaintiffs to continue doing

6   uncompensated work that they were engaged to perform.

7       18.     In addition to suffering and permitting Plaintiffs and all other similarly situated

8   employees to perform work without compensation, the EMR data shows, or will show,  that

9   Defendants also violated California and Nevada state meal and rest break law by not providing a

10   meal period and rest periods within the requisite number of hours after the start of a shift; failing

11   to provide a second meal period and/or rest period within the time proscribed by law, and by not

12   permitting a full 30-minute uninterrupted meal period.

13   <u>**COLLECTIVE, CLASS, AND REPRESENTATIVE ACTION ALLEGATIONS**</u>

14       19.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in

15   this Complaint as though fully set forth herein.

16       20.     Plaintiffs bring this action on behalf of themselves and all other similarly situated

17   and typical employees as both a collective action under the FLSA and a class action under

18   applicable state laws.

19                            **The FLSA Class**

20       21.     Plaintiffs bring this action on behalf of themselves and the following **FLSA Class**

21   **(hereinafter referred to as "FLSA Class Members"):**

22           All nonexempt hourly paid employees employed by
23           Defendants within the United States who worked off the
24           clock as demonstrated by the comparison between the EMR
             system and electronic timekeeping system at any time during
25           the relevant time period alleged herein.

26       22.     With regard to the conditional certification mechanism under the FLSA, Plaintiffs

27   are similarly situated to those they seek to represent for the following reasons, among others:

28

**THERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

A.    Defendants employed Plaintiffs as hourly-paid employees who did not receive their full wages for all the hours that they worked, and, where applicable, their overtime premium pay at one and one-half times the regular rate of pay for all hours worked over forty (40) hours in a workweek.

B.    Plaintiffs' situation is similar to those they seek to represent because Defendants failed to pay Plaintiffs and all other FLSA Class Members for all time they were required to work, but with the knowledge, acquiescence and/or approval (tacit as well as expressed) of Defendants' managers and agents.

C.    Common questions exist as to whether Plaintiffs and all other FLSA Class Members worked off the clock and without compensation.

D.    Upon information and belief, Defendants employ, and have employed, in excess of 50,000 FLSA Class Members within the applicable statute of limitations.

E.    Plaintiffs have signed or will sign a Consent to Sue form to be filed in the court shortly.

### The State Law Classes

23.    Plaintiffs bring this action on behalf of themselves and the following **California Class (hereinafter referred to as "California Class Members")**:

> All nonexempt hourly paid employees employed by Defendants in California who worked off the clock as demonstrated by the comparison between the EMR system and electronic timekeeping system at any time during the relevant time period alleged herein.

A.    The **California Class** may be further subdivided into the following subclasses of similarly-situated and typical individuals based upon the divergent statute of limitations period for various claims asserted herein (collectively "the Subclasses" or "Subclass Members"):

> **California Meal Break Subclass:** All California Class Members who worked off who worked off the clock during a meal break as demonstrated by the comparison between the

- 6 -
COLLECTIVE AND CLASS ACTION COMPLAINT

EMR system and electronic timekeeping system at any time during the relevant time period alleged herein.

**Itemized Wage Statement Subclass:** All California Class Members who were employed at any time during the relevant time period alleged herein.

**California Waiting Time Penalties Subclass:** All California Class Members who are former employees and who were employed at any time during the relevant time period alleged herein.

24. Plaintiffs bring this action on behalf of themselves and the following **Nevada Class (hereinafter referred to as "Nevada Class Members")**:

All nonexempt hourly paid employees employed by Defendants in Nevada who worked off the clock as demonstrated by the comparison between the EMR system and electronic timekeeping system at any time during the relevant time period alleged herein.

A. The **Nevada Class** may be further subdivided into the following subclasses of similarly-situated and typical individuals based upon the divergent statute of limitations period for various claims asserted herein (collectively "the Subclasses" or "Subclass Members"):

**Nevada Meal Break Subclass:** All Nevada Class Members who worked off the clock during a meal break as demonstrated by the comparison between the EMR system and electronic timekeeping system at any time during the relevant time period alleged herein.

**Nevada Waiting Time Penalties Subclass**: All Nevada Class Members who are former employees and who were employed at any time during the relevant time period alleged herein.

25. Class treatment is appropriate in this case for the following reasons:

A. <u>The Classes Are Sufficiently Numerous</u>: Upon information and belief, Defendants employ, and have employed, in excess of 10,000 California and Nevada Class Members within the applicable statute of limitations.  Because Defendants are legally

COLLECTIVE AND CLASS ACTION COMPLAINT

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com  www.thermanbuck.com

obligated to keep accurate payroll records, Plaintiffs allege that Defendants' records will establish the members of the Classes as well as their numerosity.

B.     Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiffs and members of the Classes, including, without limitation:

1)     Whether Defendants failed to compensate Plaintiffs and members of the Classes for all the hours that they worked;

2)     Whether Defendants' policy of not including the hours worked off the clock in a pay period on the pay stub violates the itemized wage statement provisions of the California Labor Code and the Orders of the California Industrial Wage Commission; and

3)     Whether Defendants willfully failed to pay members of the Classes all wages due and owing at the time of termination.

C.     Plaintiffs' Claims are Typical to Those of Fellow Members of the Classes: Plaintiffs' claims are typical to those of the class they seek to represent. Plaintiffs performed work off the clock without compensation; Defendants forced, suffered and/or permitted Plaintiffs to work through their meal and/or rest breaks; Defendants did not give Plaintiffs and Class Members accurate wage statements to reflect all their hours worked, rate of pay, and overtime compensation; and Defendants have not timely remitted all wages due and owing to Class Members who are former employees upon their termination.

D.     Plaintiffs Are Adequate Representatives of the Class: Plaintiffs will fairly and adequately represent the interests of Class Members because Plaintiffs are members of the Classes (Plaintiff Darling is a member of the California Class and Subclasses and Plaintiff Jara is a member of the Nevada Class and Subclasses), they have common issues of law and fact with all members of the Classes, and their claims are typical to other Class Members.

E.     A Class Action is Superior/Common Claims Predominate: A class action is superior to other available means for the fair and efficient adjudication of this

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

controversy, since individual joinder of all members of the Classes is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiffs and all members of the FLSA Class Against Defendants)

26.     Plaintiffs reallege and incorporate by reference all the paragraphs above in the Complaint as though fully set forth herein.

27.     29 U.S.C. Section 207(a)(1) provides as follows:  "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28.     By failing to compensate Plaintiffs and FLSA Class Members for all the time they were suffered and/or permitted to work as described above, Defendants have failed to pay Plaintiffs and FLSA Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

29.     Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendant pay Plaintiffs and FLSA Class Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

## SECOND CAUSE OF ACTION

**Failure to Pay Minimum Wages for All Hours Worked Under California Law**

(On Behalf of Plaintiff Darling and the California Class Against Defendants)

30.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

31.     California Labor Code (hereinafter referred to as "Labor Code") § 1194 provides that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

32.     Labor Code § 1197 empowers the Industrial Welfare Commission to fix the minimum wage and states that "the payment of a less wage than the minimum so fixed is unlawful."  Section 4 of applicable Wage Order No. 9 requires Defendant to pay its employees minimum wages for all hours worked.

33.     Because Defendants failed to compensate Plaintiff Darling and California Class Members for their hours worked off the clock as set forth above, Defendants failed to pay Plaintiff Darling and California Class Members the required minimum wage rate for each hour worked.

34.     Labor Code § 1194.2(a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by the IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

35.     Plaintiff Darling and California Class Members should have received their regular rate of pay, or the minimum wage, whichever is higher, in a sum according to proof for the hours worked, but not compensated, during the Class Period.  Defendants therefore owe Plaintiff Darling and California Class Members regular rate wages or minimum wages, whichever are higher, as well as liquidated damages in an equal amount to the wages owed, and has failed and

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

refused, and continues to fail and refuse, to pay Plaintiff Darling and California Class Members the amounts owed.

36.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Plaintiff Darling and California Class Members have sustained damages and been deprived of minimum wages and regular wages that are owed in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest, liquidated damages, and attorneys' fees and costs pursuant to Labor Code §§ 218.5, 1194, and 1194.2, for the three years prior to the filing of this complaint to the date of judgment after trial.

37.     Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiff Darling and California Class Members are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

38.     Defendants are also subject to civil penalties and restitution of wages payable to Plaintiff Darling and all California Class Members pursuant to Labor Code § 1197.1 as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages for All Hours Worked Under California Law**

(On Behalf of Plaintiff Darling and the California Class Against Defendants)

39.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

40.     Labor Code §§ 510 and 1198, and Section 3 of applicable Wage Order No. 9, mandate that California employers pay overtime compensation at one and one-half times the regular rate of pay to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week and "any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." Section 3(A)(1) of the applicable Wage Order states in relevant part: "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

41.     Labor Code § 1198 states that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

42.     Because Defendants failed to compensate Plaintiff Darling and California Class Members for their hours worked off the clock as set forth above, Defendants failed to pay Plaintiff Darling and California Class Members overtime compensation when due.

43.     Wherefore, Plaintiff Darling demand for herself and for California Class Members that Defendants pay Plaintiff Darling and California Class Members overtime pay at the applicable legal rate for all overtime hours worked together with attorneys' fees, costs, and interest as provided by law for the three years prior to the filing of this complaint to the date of judgment after trial.

44.     Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiffs and California Off the Clock Class Members are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

## FOURTH CAUSE OF ACTION

### Failure to Provide Meal Breaks Under California Law

(On Behalf of Plaintiff Darling and the California Meal Break Subclass Members Against Defendants)

45.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

46.     Section 11 of the applicable Wage Order states, in relevant part: "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

47.     Labor Code § 226.7 states that: "a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

each work day that the meal or rest period is not provided." California Labor Code § 229 provides for a private right of action to enforce the provisions of Labor Code 226.7.

48.     Labor Code § 512 provides in relevant part: "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . ."

49.     As described above and demonstrated by the comparison of the EMR and electronic timekeeping records, Plaintiff Darling and California Meal Break Subclass Members routinely worked through meal periods as required by Defendants but were not compensated for the missed meal period pursuant to 226.7.

50.     Wherefore, Plaintiff Darling demands payment for herself and all California Meal Break Subclass Members the actual amount of pay for the hours worked during the interrupted meal period, at the applicable rate of pay, and one hour pay per day for every missed mandatory meal period, together with attorneys' fees, costs, penalties, and interest as provided by law for the three years prior to the filing of this complaint to the date of judgment after trial.

51.     Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiffs and California Off the Clock Class Members are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

## FIFTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements Under California Law

(On Behalf of Plaintiff Darling and the Wage Statement Subclass Against Defendants)

52.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

53.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements showing, inter alia, hours worked, to Plaintiff Darling and Wage Statement Subclass Members in accordance with Labor Code § 226(a) and applicable Wage Order No. 9.  Such failure caused injury to Plaintiff Darling and Wage Statement Subclass

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

Members by, among other things, impeding them from knowing the amount of wages to which they are and were legally entitled.

54.     Plaintiff Darling's good faith estimate of the number of pay periods in which Defendants failed to provide accurate itemized wage statements to Plaintiffs and Wage Statement Subclass Members is each and every pay period during the Class Period.

55.     Plaintiff Darling and the Wage Statement Subclass Members are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and further seek the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

56.     Defendants are also subject to civil penalties for Labor Code §§ 226(a) violations "in the amount of two hundred and fifty dollars ($250) per employee per violation in an initial citation and one thousand ($1,000) per employee for each violation in a subsequent citation . . . ." as provided by Labor Code §§ 226.3.

57.     Because Defendants' conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code Section 17200, Plaintiff Darling further demands the Defendants be enjoined from continuing to provide inaccurate pay statements that fail to include the amount of hours worked by each employee, the hourly rate of pay, and the amount of all overtime hours worked at the corresponding hourly rate.

## SIXTH CAUSE OF ACTION

### Failure to Timely Pay All Wages Due and Owing Under California Law

(On Behalf of Plaintiff Darling and the California Waiting Time Penalties Subclass Against Defendants)

58.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

59.     Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com  www.thermanbuck.com

fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

60.    California Class Members who ceased employment with Defendants are entitled to unpaid compensation for unpaid minimum, regular, and overtime wages, as alleged above, but to date have not received such compensation.  Defendants' failure to pay such wages and compensation, as alleged above, was knowing and "willful" within the meaning of Labor Code § 203.

61.    As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Plaintiff Darling and California Class Members whose employment ended within the last three years from the filing of this complaint are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Unfair Business Practices Under California Law

(On Behalf of Plaintiff Darling and the California Classes Against Defendants)

62.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

63.    By the conduct described throughout this Complaint, Defendants have violated the provisions of the California Labor Code as specified and have engaged in unlawful, deceptive, and unfair business practices prohibited by California Business & Professions Code § 17200, *et seq*.  Defendants' use of such practices resulted in greatly decreased labor costs and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

64.    The unlawful and unfair business practices complained of herein are ongoing and present a threat and likelihood of continuing against Defendants' current employees as well as other members of the general public.  Plaintiff Darling and California Class Members are therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage and to avoid a multiplicity of lawsuits.  Accordingly, Plaintiff Darling

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com  www.thermanbuck.com

and the California Class Members request a preliminary and permanent injunction prohibiting Defendants from the unfair practices complained of herein.

65.    Defendants generated income as a direct result of the above-mentioned unlawful and unfair business practices.  Plaintiff Darling and the California Class Members are therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair and unlawful practices complained of herein.

66.    As a result, Plaintiff Darling and California Class Members seek restitution of their unpaid wages, unpaid overtime, meal and rest break pay, itemized wage statement penalties, and waiting time penalties, in addition to interest, attorneys' fees, and costs, as necessary and according to proof.  Plaintiff Darling seeks the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

### EIGHTH CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked Under Nevada Law**

(On Behalf of Plaintiff Jara and the Nevada Class Against Defendants)

67.    Plaintiffs realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

68.    Nevada Revised Statutes ("NRS") 608.140 provides that an employee has a private right of action for unpaid wages.

69.    NRS 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

70.    Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" states: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

71.     By failing to compensate Plaintiff and Nevada Class Members for all the time they were suffered and/or permitted to work as described above, Defendant failed to pay Plaintiff and Nevada Class Members for all hours they worked.

72.     Wherefore, Plaintiff Jara demands for herself and for all members of the Nevada Class, the payment of all regular rate wages owed for three years immediately preceding the filing of this complaint until the date of judgement after trial, together with attorneys' fees, costs, and interest as provided by law.

## NINTH CAUSE OF ACTION

### Failure to Pay Overtime Wages for All Hours Worked Under Nevada Law

(On Behalf of Plaintiff Jara and the Nevada Class Against Defendants)

73.     Plaintiffs realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

74.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

75.     NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works:  (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

76.     NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

77.     By failing to compensate Plaintiff and Nevada Class Members for all the overtime hours they were suffered and/or permitted to work as described above, Defendant failed to pay

1    Plaintiff and Nevada Class Members the overtime premium of 1 ½ times their regular rate of pay

2    for all hours worked over 8 hours in a workday and/or 40 in a workweek.

3          78.    Wherefore, Plaintiff Jara demands for herself, and for all members of the Nevada

4    Class, payment by Defendants at 1 ½ times their regular rate of pay for all overtime pay owed for

5    three years immediately preceding the filing of this complaint until the date of judgement after

6    trial, together with attorneys' fees, costs, and interest as provided by law.

7                              **TENTH CAUSE OF ACTION**

8          **Failure to Pay Wages For Interrupted Meal Breaks Under Nevada Law**

9          (On Behalf of Plaintiff Jara and Nevada Meal Subclass Against Defendants)

10         79.    Plaintiffs realleges and incorporates by this reference all the paragraphs above in

11   this Complaint as though fully set forth herein.

12         80.    NRS  608.019(1)  "Periods for meals and rest" states:  "An employer shall not

13   employ an employee for a continuous period of 8 hours without permitting the employee to

14   have a meal period of at least one-half hour. No period of less than 30 minutes interrupts a

15   continuous period of work for the purposes of this subsection."

16         81.    As described above and demonstrated by the comparison of the EMR and

17   electronic timekeeping records, Plaintiff Jara and Nevada Meal Break Subclass Members

18   routinely worked through meal periods as required by Defendants but were not compensated for

19   the missed meal period.

20         82.    NRS 608.140 provides that an employee has a private right of action for unpaid

21   wages.  By failing to compensate Plaintiff and Nevada Class Members for all the time they were

22   suffered and/or permitted to work as described above, Defendant failed to pay Plaintiff and

23   Nevada Class Members for all hours they worked.

24         83.    Wherefore, Plaintiff Jara demands for herself and for all members of the Nevada

25   Meal Break Class, the payment of all regular rate wages and/or overtime wages, whichever is

26   applicable, owed for three years immediately preceding the filing of this complaint until the date

27   of judgement after trial, together with attorneys' fees, costs, and interest as provided by law.

28

**THERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## ELEVENTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Under Nevada Law**

(On Behalf of Plaintiff Jara and Nevada Waiting Time Subclass Against Defendants)

84.     Plaintiffs realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

85.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

86.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

87.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

88.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

89.     By failing to pay Plaintiff Jara and Nevada Waiting Time Penalty Subclass Members for all hours worked in violation of Nevada state law, Defendants have failed to timely remit all wages due and owing to Plaintiff Jara and all members of Waiting Time Penalty Subclass.

90.     Despite demand, Defendants willfully refuse and continue to refuse to pay Plaintiff Jara and all members of the Waiting Time Penalty Subclass.

91.    Wherefore, Plaintiff Jara demands 30 days wages under NRS 608.140 and 608.040, and an additional 30 days wages under NRS 608.140 and 608.050, for all members of the Nevada Waiting Time Penalty Subclass, together with attorneys' fees, costs, and interest as provided by law.

## JURY DEMAND

Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore Plaintiffs, individually and on behalf of all Class Members and all others similarly situated, pray for relief as follows relating to their collective and class action allegations:

1.    For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Class Members so they may participate in the lawsuit;

2.    For an order certifying this action as a class action on behalf of the proposed Classes and Subclasses;

3.    For an order appointing Plaintiffs as the Representatives of the Classes and Subclasses and for an order appointing their counsel as Class Counsel for each;

4.    For damages according to proof for regular rate or minimum rate pay, whichever is higher, for all hours worked under both federal and state law;

5.    For damages according to proof for overtime compensation for all overtime hours worked under both federal and state law;

6.    For liquidated damages;

7.    For one hour of pay at the regular rate or minimum rate pay, whichever is higher, for every missed and/or inadequate meal period under California law;

8.    For waiting time penalties;

9.    For interest as provided by law at the maximum legal rate;

10.    For reasonable attorneys' fees authorized by statute;

11.    For costs of suit incurred herein;

/ / /

/ / /

COLLECTIVE AND CLASS ACTION COMPLAINT

**THERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

1    12.    For pre-judgment and post-judgment interest, as provided by law, and

2    13.    For such other and further relief as the Court may deem just and proper.

DATED: August 27, 2020          THIERMAN BUCK LLP

s/ *Joshua D. Buck*
Mark R. Thierman
Joshua D. Buck
Leah L. Jones

*Attorneys for Plaintiff*

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

**<u>EXHIBITS</u>**

Exhibit A:     Tomery Darling Consent to Sue

Exhibit B:     Ana Jara Consent to Sue

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com